STERN & EISENBERG, PC
1581 MAIN STREET, SUITE 200
THE SHOPS AT VALLEY SQUARE
WARRINGTON, PA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR MOVANT)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)

| In Re:<br>    Scott D. Minnich<br>        Debtor<br>-----------------------------------------------<br>Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2<br>        (Movant)<br>                      Creditor/Movant<br>v.<br>Scott D. Minnich<br>        Debtor<br>                      Respondent | Chapter: 13<br><br>Bankruptcy Case: 15-04365-HWV<br><br>Judge: Henry W. Van Eck |
|---|---|

**ORDER APPROVING STIPULATION/CONSENT ORDER**

       AND NOW, this _____ day of _____, 2020, upon consideration of the Stipulation between Debtor and Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2, it is hereby ORDERED and DECREED that the Stipulation is APPROVED and made an Order of the Court.

                                                                                    BY THE COURT:


                                                                                   _____
                                                                                   UNITED STATES BANKRUPTCY JUDGE

MFR – APO/STIP BF

STERN & EISENBERG, PC
1581 MAIN STREET, SUITE 200
THE SHOPS AT VALLEY SQUARE
WARRINGTON, PA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR MOVANT)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)

| In Re: | |
|---|---|
| Scott D. Minnich<br>Debtor | Chapter: 13 |
| Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2<br>(Movant)<br>Creditor/Movant<br>v.<br>Scott D. Minnich<br>Debtor<br>Respondent | Bankruptcy Case: 15-04365-HWV<br><br>Judge: Henry W. Van Eck |

## CONSENT ORDER/STIPULATION
## SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, this _____ day of _____, 2020, upon the Motion of Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2, through its Counsel, Stern & Eisenberg PC, under 11 U.S.C. § 362(d) (and § 1301) for relief from the automatic stay as to Debtor's real property located at *5407 Rodgers Ave, Harrisburg, PA 17112* (hereinafter, the "Property"), and the parties agreeing to the entry of the Order settling the Motion for Relief and for cause shown, it is hereby ORDERED AND DECREED as follows:

1. As of April 14, 2020, Scott D. Minnich (hereinafter, "Debtor") acknowledges that Debtor is due for the following post-petition regular monthly payments from May 1, 2019 as follows:

**PAYMENTS:**                                                                 $16,734.53

| | | | | |
|---|---|---|---|---|
| 04/01/2019 | 08/01/2019 | $1,194.10 | @ 5 MONTHS | $5,970.50 |
| 09/01/2019 | 11/01/2019 | $1,203.77 | @ 3 MONTHS | $3,611.31 |
| 12/01/2019 | 01/01/2020 | $1,236.24 | @ 2 MONTHS | $2,472.48 |
| 02/01/2020 | 05/01/2020 | $1,170.06 | @ 4 MONTHS | $4,680.24 |

**COUNSEL FEES/COSTS FOR MOTION**                                             $1,231.00

**SUSPENSE**                                                                  ($904.48)

MFR – APO/STIP BF

**POST-PETITION ARREARS ("ARREARS")**                                               **$17,061.65**

2. Debtor shall make a payment of **$10,000.00** due within five (5) business days upon entry of this Order.

2. Debtor shall cure the remaining arrears of **$7,061.65** plus the payment due **May 1, 2020** in the amount of $1,170.65 for a total of **$8,232.20** by **May 25, 2020**. Thereafter, Debtor agrees to continue making the regular monthly mortgage payment regardless of whether they change for any reason.

3. Payments due in accordance with this Consent Order/Stipulation shall be due on or before the 1st of each month.

4. Debtor shall make the regular monthly payments required to the Trustee.

5. All payments due to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 from Debtor are to be made directly to Planet Home Lending, LLC at 321 Research Parkway, Suite 303, Meriden, CT 06450, making sure that Creditor's loan number appears on all payments.

6. In the event Debtor fails to make any of the payments set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 and/or Counsel may give Debtor and Debtor's counsel notice of the default.

7. If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 shall immediately have relief from the bankruptcy stay, per the form of the attached Order which is made part hereof as Exhibit "A".

8. Debtor shall pay $75.00 for each Notice of Default issued by Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 as a result of Debtor's failure to make payments in accordance with this Order.

9. The failure by Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2's rights hereunder.

10. Upon issuance of the aforesaid Order, the parties hereto further agree that Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 (and any assignee/successor-in-interest) may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

11. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2, through Counsel, may file a certification setting forth said failure and Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 shall be granted immediate relief from the

automatic stay in the form of Order attached as Exhibit "A".

12. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived. In the event an order granting relief is entered then the requirements of 3002.1 shall NOT apply to Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2.

13. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation/Consent Order and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Christopher M. McMonagle
Christopher M. McMonagle, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
cmcmonagle@sterneisenberg.com
Counsel for Creditor
Date: April 14, 2020

Craig A. Diehl
3464 Trindle Road
Camp Hill, PA 17011
717-763-7613
Fax: 717-763-8293
Email: cdiehl@cadiehllaw.com
Counsel for Debtor(s)
Date: April 14, 2020

for Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036
Telephone: (717) 566-6097
Date: 4/28/20

MFR – APO/STIP BF

STERN & EISENBERG, PC
1581 MAIN STREET, SUITE 200
THE SHOPS AT VALLEY SQUARE
WARRINGTON, PA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR MOVANT)

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>    Scott D. Minnich<br>    Debtor<br>-----------------------------------------------<br>Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2<br>    (Movant)<br>                   Creditor/Movant<br>v.<br>Scott D. Minnich<br>    Debtor<br>                   Respondent | Chapter: 13<br><br>Bankruptcy Case: 15-04365-HWV<br><br>Judge: Henry W. Van Eck |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND RELIEF FOLLOWING CERTIFICATION OF DEFAULT OF CONSENT ORDER/STIPULATION**

AND NOW, this _____ day of _____, 2020, upon Motion of Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 (Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2) for relief and a Certification of Default having been filed in accordance with the Consent Order/Stipulation Resolving the Motion, it is hereby ORDERED AND DECREED that Movant, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2 ("Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2014-2") (and any assignee/successor-in-interest) is granted relief from the stay of 11 U.S.C. §362 (and § 1301) to proceed with its mortgage foreclosure action and Sheriff's Sale (and all other rights under state and federal law) concerning the Property: **5407 Rodgers Ave, Harrisburg, PA 17112**.

It is ORDERED and DECREED that the 14-day stay pursuant to BKRP 4001(a)(3) is hereby waived and the requirements of Rule 3002.1 shall not apply to Movant.

BY THE COURT

_____

UNITED STATES BANKRUPTCY JUDGE

MFR – APO/STIP BF

Exhibit A